IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER L. STARKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-06-512-M ) |
| TOM LEWIS, et al., | ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a pro se inmate in the custody of the State of Oklahoma, has brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging the violation of certain constitutional rights. Pursuant to an order by United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant Tom Lewis[1] has filed a motion to dismiss ("MTD), or alternatively for summary judgment, alleging in part that the claims against him should be dismissed for failure to state a claim, specifically because Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). [Doc. No. 27] Defendant Dave Miller[2] has filed a motion to dismiss ("MTD"), or alternatively for summary judgment, alleging that the claims against him fail to state a claim upon which relief may be granted. [Doc. No. 30]. Plaintiff has filed a reply to Defendants' motions [Doc. No. 35], and the matter is at issue. For reasons stated

---

[1] Defendant Lewis is identified as "an employee of Oklahoma Correctional Industries (OCI) a part of the Oklahoma Department of Corrections[.]" Defendant Lewis' Motion to Dismiss at 2.

[2] Defendant Miller is identified as an "employee of GEO" (GEO Group, Inc.) and employed as a warden at Lawton Correctional Facility. [Doc. No. 22] Special Report of Lawton Correctional Facility at 3. [Doc. No. 29].

below, it is recommended that the motions to dismiss filed by Defendants Lewis and Miller be granted.[3]

Background

An initial review of the complaint filed by Plaintiff was conducted pursuant to 28 U.S.C. § 1915A, and on October 31, 2006, the undersigned entered a Report and Recommendation recommending that Plaintiff's complaint be dismissed without prejudice for failure to plead and provide evidence of complete exhaustion of his available administrative remedies as required by 42 U.S.C. § 1997e(a) and then-existing law in the Tenth Circuit, *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003). [Doc. No. 12]. After receiving several extensions of time, Plaintiff filed an objection to the Report and Recommendation on January 23, 2007. In the interim, the United States Supreme Court reached its decision in *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910 (2007), holding that the burden of demonstrating a plaintiff's failure to exhaust administrative remedies rests on defendants. Additionally, the Supreme Court concluded that when a district court is presented with a complaint containing both exhausted and unexhausted claims, the district court should employ the "more typical claim-by-claim approach" and dismiss only those claims which are not exhausted. *Id.* at 926. Accordingly, in light of the *Jones* decision, Judge Miles-LaGrange re-referred the matter to the undersigned for further proceedings.

---

[3]Because the undersigned finds that the complaint should be dismissed on grounds of failure to exhaust administrative remedies and failure to state a valid § 1983 claim, Defendants Lewis and Miller's alternative arguments for dismissal or summary judgment have not been addressed.

2

The undersigned ordered service and directed officials at the Lawton Correctional Facility ("LCF"), where Plaintiff is incarcerated, to review the complaint and prepare a Special Report ("S.R.") in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). [Doc. No. 20]. LCF subsequently filed its Special Report [Doc. No. 29]. The Oklahoma Department of Corrections ("DOC") filed a separate Special Report [Doc. No. 28). Defendant Lewis seeks dismissal, or alternatively, summary judgment on a variety of grounds, including failure to exhaust administrative remedies. [Doc. No. 27]. Defendant Miller likewise seeks dismissal or summary judgment on multiple grounds, including failure to state a claim. [Doc. No. 30].

Plaintiff's Complaint

In his complaint Plaintiff sets forth essentially the same claim in three counts, alleging that his First Amendment rights were violated in retaliation for Plaintiff's exercise of his right to file a grievance. Complaint at 1-4. Plaintiff alleges that shortly after he was fired from his employment at Oklahoma Correctional Industries ("OCI") based on allegations that he was stealing, Complaint at 3a,[4] he submitted a request to staff on September 19, 2005, to Defendant Lewis, a supervisor at OCI, with respect to the loss of his job. In the request to staff Plaintiff noted that other inmates had been suspected of stealing but had not been fired from their jobs and stated that he believed his firing was racially motivated. *Id.* at 3a & Ex. 2 at 2. In a response the same date, Lewis advised that Plaintiff had been terminated for violating Security Guidelines by leaving OCI without permission and without being first searched - not for stealing. *Id.*, Exhibit 3.

---

[4]Two pages of the complaint are not numbered. Because these pages are continuations of the arguments made on page 3 of the complaint, the undersigned will refer to the pages as 3a and 3b.

3

Defendant Lewis also addressed Plaintiff's claim that other inmates suspected of stealing had not been fired. Finally, Defendant Lewis stated that: "[N]o-one 'snitched' you off! You did this to your-self period. Naming other people in your request to staff; now that's being a snitch!" *Id.*

Plaintiff asserts that Defendant Lewis had another inmate type this response knowing that "other fellow prisoners would ultimately locate and read the RTS." Complaint at 3a-3b. He further claimed that Lewis "placed the disposition on the dayroom tables in the LCF house 5, Echo Pod where the Plaintiff is confined . . . ." Plaintiff contends that as a result of these actions by Lewis, other inmates have threatened to cause physical harm to Plaintiff in retaliation for his "snitching." *Id.* at 3b.

Plaintiff claims that Defendant Lewis is liable for damages for "Retaliation and Snitch labeling of the Plaintiff, and the consequential hostile environment-conditions of confinement for the Plaintiff[.]" Complaint at 3b. Plaintiff further alleges that Defendant Miller, warden of LCF, is liable in his "personal capacity of supervisor of Defendant Lewis," because he failed "to correct and abate the wrongs" during the grievance process. Complaint at 3b.

**DISCUSSION**

I. <u>Standard of Review - Motion to Dismiss</u>

Dismissal of a cause of action for failure to state a claim is proper if Plaintiff's complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S.Ct. 1955, 1974 (2007). In reviewing the sufficiency of a complaint, all well-pleaded factual allegations of the complaint must

be accepted as true and construed in the light most favorable to Plaintiff. *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). Further, a pro se plaintiff's complaint should be broadly construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, this broad reading "does not relieve the [pro se] plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

II. <u>Defendant Lewis' Dispositive Motion - Failure to Exhaust</u>

Defendant Lewis' initial contention in moving to dismiss for failure to state a claim is that Plaintiff failed to adequately exhaust the administrative remedies available to him at LCF.[5] Specifically, Defendant Lewis argues Plaintiff did not complete the relevant exhaustion procedure with respect to his claim that Lewis retaliated against him for filing a grievance. Defendant Lewis' "Motion To Dismiss/Motion for Summary Judgement and Brief in Support of Motion" [hereinafter "Lewis' MTD"] [Doc. No. 30] at 5-6.

The Prison Litigation Reform Act of 1995 ("PLRA")[6] requires that a prisoner exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[5]In deciding a motion to dismiss due to nonexhaustion, the Court can consider the administrative materials submitted by the parties. *See Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock,* __U.S.__, 127 S.Ct. 910 (2007).

[6]The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e.

*Id.* In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, __U.S.__, 127 S.Ct. 910, 918-19 (2007).

There is no dispute between the parties that Plaintiff was required to exhaust his administrative remedies pursuant to the DOC grievance procedures, OP-090124. *See* DOC S.R. [Doc. No. 27], Attachment 6 (Inmate/Offender Grievance Process, OP-090124). This process requires an initial, informal attempt to resolve a complaint by talking with the case manager, supervising employee or other appropriate staff. *Id.* at IV(A). If the matter remains unresolved, the inmate must then submit a written "Request to Staff," briefly but specifically describing his complaint. *Id.* at IV(B ). Should the informal attempts at resolution fail, the inmate's next step is submission of a "Inmate/Offender Grievance Report Form." *Id.* at V(A). An unfavorable response to the grievance may then be appealed to the administrative review authority or chief medical officer, as appropriate. *Id.* at VII. The ultimate ruling of the administrative review authority or chief medical officer concludes the administrative process available to an inmate through the Oklahoma Department of Corrections. *Id.* at VII(D).

After receiving Defendant Lewis' alleged retaliatory response to his request to staff, Plaintiff submitted a grievance dated September 28, 2005, to Defendant Warden Miller, setting forth a lengthy narrative concerning the loss of his job which he believed to be racially motivated and requesting to be reinstated to his OCI job. Complaint, Ex. 4. Plaintiff further alleged that in the September 19 response to Plaintiff's request to staff, Defendant Lewis labeled him a snitch and allowed other inmates to read the response,

which "placed [his] life in danger." Complaint, Ex. 4. On October 25, 2005, Plaintiff was advised that the response date to his grievance had been extended to allow for further review. Complaint, Ex. 5. In a response dated November 22, 2005, Defendant Warden Miller denied relief, finding that Defendant Lewis had "answered [Plaintiff's] request appropriately and there [was] no reason to reinstate [his] employement with OCI." Complaint, Ex. 6. Miller further found that "discrimination [had] nothing to do with this incident." *Id.*

Plaintiff appealed to the administrative review authority, asserting that his grievance concerned "Mr. Lewis calling me a snitch, placing my life in danger," not a request for reinstatement of his OCI job. Complaint, Ex. 6. On December 12, 2005, the Director's Designee returned Plaintiff's grievance unanswered because Plaintiff's appeal improperly included more than one issue. Complaint, Ex. 7. The DOC Director's Designee noted that the issues raised by Plaintiff included: "fired from OCI; inmate typing responses and inmates read response, placing life in danger." *Id.* Plaintiff was instructed that he could resubmit the appeal within ten days. *Id.* However, Plaintiff has not alleged, nor does the record show, that he resubmitted his appeal.

The undersigned finds that whether Plaintiff has exhausted the issue of Defendant Lewis' alleged retaliation is governed by *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Id.* In addition, inmates must properly follow the grievance procedure and correct deficiencies along the way. *Id.* Even when prison authorities are

incorrect about the existence of the perceived deficiency, the inmate must follow the prescribed steps to cure it. *See Jernigan*, 304 F.3d at 1032 ("[W]e reject Mr. Jernigan's assertion that "[i]nmates do not have to properly complete the grievance process, and they do not have to correct deficiencies.") (citation omitted). An inmate's disagreement with prison officials as to the appropriateness of a particular procedure under the circumstances, or his belief that he should not have to correct a procedural deficiency does not excuse his obligation to comply with the available process:

> In order to exhaust administrative procedures, the inmate must see the grievance process to its conclusion; the doctrine of substantial compliance does not apply, and there is no exception for when the inmate fails to cure a procedural deficiency or neglects to employ available internal processes before the time expires for pursuing them.

*Johnson v. Wackenhut Corrections Corp.,* No. 04-6245, 130 Fed. Appx. 947, 949-950 (10th Cir. May 11, 2005). *See also Bias v. Cornell Corrections, Inc.,* No. 04-6353, 2005 WL 3485958, at *2 (10th Cir. Dec. 21, 2005).[7] However, courts "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

In response to the Defendant Lewis' motion to dismiss, Plaintiff contends that the administrative review authority either did not read or incorrectly perceived the basis of his appeal, which, according to Plaintiff, was limited to one issue – the September 19, 2005, retaliatory response by Defendant Lewis. Plaintiff's Reply [Doc. No. 35] at 13. Plaintiff asserts that he has utilized the proper administrative procedure to give prison

---

[7]This and any other unpublished decision is cited for its persuasive value consistent with Tenth Circuit Rule 32.1.

authorities the opportunity to review the issue. *Id.* at 14. Plaintiff further contends that prison officials "obstruct[ed]" his attempt to exhaust his administrative remedies "by creating problems where no problems existed, in doing so the right to correct the matter was waived." *Id.* However, Plaintiff has alleged no specific facts showing how any prison officials "thwarted" his attempts to exhaust. *Aquilar-Avellaveda v. Terrell*, 478 F.3d at 1225.

The failure to correct the alleged errors in the ten-day period is fatal to Plaintiff's claim that he exhausted his claims. *See Jernigan*, 304 F.3d at 1033 ("[Plaintiff] may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them."); *Hilliard v. Ray*, No. 04-7090, 123 Fed. Appx. 908, 910 (10th Cir. Feb. 17, 2005) (unpublished decision) (stating that a prisoner had failed to exhaust available administrative remedies through his failure to resubmit a grievance after being given ten days to remedy filing defects); *Hoover v. West*, No. 03-7106, 2004 WL 309338, at *4 (10th Cir. Feb. 19, 2004) (unpublished decision) (remedies were unexhausted where authorities returned grievance unanswered because of mistake on their part, but plaintiff failed to attempt to explain mistake to the reviewing authority and instead filed suit).

Under *Jernigan*, Plaintiff was required to make an effort to corrected the deficiency noted by the administrative review authority. The undersigned finds that Plaintiff has failed to exhaust his administrative remedies with respect to his claims, all of which are based on retaliation. Accordingly, it is recommended that Defendant Lewis' motion to dismiss be granted on this basis.

III.  <u>Defendant Miller's Dispositive Motion - Lack of Personal Participation</u>

9

Included among the various arguments advanced by Defendant Miller in support of his dispositive motion is the contention that Plaintiff has failed to establish an essential element of a § 1983.[8] Specifically, Defendant Miller argues that Plaintiff fails to establish that he personally participated in Plaintiff's termination from his job at OCI. Defendant Miller's MTD [Doc. No. 30] at 7. Defendant Miller contends that the fact that he "denied a grievance related to Plaintiff's termination from his job is insufficient to establish that he directly participated in said termination and as such is insufficient to establish liability." *Id.* at 8. For the following reasons, the undersigned finds that Plaintiff's claim fails to allege Defendant Miller's personal participation in his § 1983 claim of unconstitutional retaliation.

"Personal participation is an essential allegation in a § 1983 claim." *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996) (citations, quotation marks and brackets omitted). Plaintiff's only claim against Defendant Miller is that he put the warden on notice of the alleged conduct by Defendant Lewis through the inmate grievance process, that Defendant Miller failed in his duty to correct the wrongful conduct and that Miller, in his supervisory position, therefore condoned Lewis' actions. Complaint at 3b. To the extent Plaintiff contends that Defendant Miller is liable in his "supervisory capacity" as

---

[8]Although Defendant Miller also asserts that Plaintiff failed to exhaust his administrative remedies as to the claim against him, the exhaustion issue need not be addressed because the Court may dismiss an action that fails to state a claim upon which relief may be granted without considering exhaustion of administrative remedies. 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). *See Woodford v. Ngo,* __ U.S.__, 126 S.Ct. 2378, 2392 (2006) (addressing dismissal under 42 U.S.C. § 1997e(c)(2), stating § 1997e(a)'s exhaustion requirement is not jurisdictional; district court may "dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies").

10

warden of LCF, he misapprehends the legal concept of § 1983 liability, which requires an "affirmative link" between a supervisor and a subordinate's unconstitutional conduct. *See Serna v. Colorado Dep't of Corrections*, 455 F.3d 1146, 1152 (10th Cir. 2006). A supervisor's liability must be premised on his or her own conduct. *See id.* at 1153 ("supervisory liability must be based upon active unconstitutional behavior and more than a mere right to control employees") (internal quotation omitted). Plaintiff fails to make the requisite affirmative link with respect to his allegation that Lewis retaliated against Plaintiff in his respect to a request to staff. Plaintiff's allegation that Defendant Miller did not sufficiently address all issues raised in the grievance, fails to make the requisite "affirmative" link" between Defendant Miller and any alleged retaliation by Defendant Lewis.

In the Tenth Circuit, constitutional allegations against an actor whose only involvement was during the grievance process do not state a claim. *See Larson v. Meek,* 04-1169, 2007 WL 1705086, at *3 (10th Cir. June 14, 2007) (unpublished decision) ("Mr. Gillespie's denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations."); *Davis v. Arkansas Valley Correctional Facility*, No. 02-1486, 2004 WL 1119941, at *2 (10th Cir. May 20, 2004) (unpublished decision) (holding that sending correspondence to an official which outlines complaints about medical care, without more, does not sufficiently implicate the official under section 1983); *Garcia v. Furlong*, No. 94-1477, 1996 WL 128130, at *3 (10th Cir. Mar. 22, 1996) (unpublished decision) (where supervisory defendant's only alleged actions were to administratively affirm the imposition of disciplinary punishment concerning inmate

plaintiff, district court's dismissal of § 1983 action against supervisory defendant based on lack of personal participation was affirmed); *Howell v. Koch*, No. 95-1263, 1995 WL 649776, at *4 (10th Cir. Oct. 30, 1995) (unpublished decision) (dismissal of supervisory prison and state correctional officials affirmed where officials were sued solely on basis of their supervisory positions and inmate plaintiff failed to allege their personal participation in the medical diagnosis and treatment about which he complained).

Therefore, the undersigned finds that Plaintiff has made no showing that Defendant Miller was "personally involved" in any constitutional violation – an essential element of a § 1983 claim. Accordingly, it is recommended that Defendant Miller's motion to dismiss be granted for failure to state a valid § 1983 claim.

## RECOMMENDATION

For the reasons set forth above, It is the recommendation of the undersigned Magistrate Judge, based on Plaintiff's failure to exhaust all available administrative remedies prior to filing this action, that Defendant Lewis' motion to dismiss [Doc. No. 27] be granted and that the claims against him be dismissed without prejudice to refiling. 42 U.S.C. § 1997e(a). In addition, it is recommended that Defendant Miller's motion to dismiss [Doc. No. 30] granted and the claims against him be dismissed for failure to state a claim upon which relief may be granted. Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 20th day of March, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions

contained herein. *Moore v. United States,* 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

    IT IS SO ORDERED this 29th day of February, 2008.

*/s/ Bana Roberts*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE