IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER L. STARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-512-M |
| ) | |
| TOM LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On February 29, 2008, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this civil rights action brought pursuant to 42 U.S.C. § 1983 alleging the violation of certain constitutional rights. The Magistrate Judge recommended: (1) that defendant Tom Lewis' motion to dismiss be granted based upon plaintiff's failure to exhaust all available administrative remedies prior to filing this action and that the claims against defendant Lewis be dismissed without prejudice to refiling; and (2) that defendant Dave Miller's motion to dismiss be granted and that the claims against defendant Miller be dismissed for failure to state a claim upon which relief may be granted. Plaintiff was advised of his right to object to the Report and Recommendation by March 20, 2008. After receiving extensions of time, plaintiff filed his objection on May 15, 2008.

Plaintiff first objects to the Magistrate Judge's recommendation that defendant Lewis' motion to dismiss be granted. Specifically, plaintiff asserts that the Magistrate Judge erred in finding that he failed to exhaust his available administrative remedies prior to filing this action. It is undisputed that the Administrative Review Authority ("ARA") returned plaintiff's grievance unanswered because plaintiff's appeal improperly included more than one issue and instructed plaintiff that he could resubmit the appeal within ten days. It is further undisputed that plaintiff

never resubmitted the appeal. Plaintiff contends the ARA's determination that his appeal included more than one issue was erroneous and that, accordingly, the Court should find that he exhausted his administrative remedies. The Tenth Circuit, however, has found that a prisoner has not exhausted his administrative remedies when he has failed to resubmit a grievance after being given time to remedy the alleged filing defects, even when the alleged defects are erroneous. *See Hillard v. Ray*, No. 04-7090, 123 Fed. Appx. 908, 910 (10th Cir. Feb. 17, 2005) (unpublished decision); *Hoover v. West*, No. 03-7106, 93 Fed. Appx. 177, 181-82 (10th Cir. Feb. 19, 2004) (unpublished decision).[1] The Court, accordingly, finds that the Magistrate Judge did not err in recommending that defendant Lewis' motion to dismiss be granted.

Plaintiff also objects to the Magistrate Judge's recommendation that defendant Miller's motion to dismiss be granted. Specifically, plaintiff contends that he has stated a claim against defendant Miller upon which relief can be granted. Having carefully reviewed plaintiff's Complaint, the Court finds, for the reasons set forth in the Magistrate Judge's Report and Recommendation, that plaintiff has failed to state a claim against defendant Miller upon which relief can be granted.

Accordingly, upon de novo review, the Court:

(1) ADOPTS the Report and Recommendation issued by the Magistrate Judge on February 29, 2008;

(2) GRANTS defendant Lewis' motion to dismiss [docket no. 27];

(3) DISMISSES the claims against defendant Lewis without prejudice to refiling based upon plaintiff's failure to exhaust all available administrative remedies;

(4) GRANTS defendant Miller's motion to dismiss [docket no. 30]; and

---

[1] Unpublished decisions cited for their persuasive value consistent with Tenth Circuit Rule 32.1.

(5) DISMISSES the claims against defendant Miller for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED this 24th day of June, 2008.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE